**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1453
_____

UNITED STATES OF AMERICA

v.

GERARDO ORTIZ,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 1-11-cr-00347-007)
District Judge: Hon. William W. Caldwell

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 11, 2013

BEFORE: FUENTES, COWEN, and BARRY,  Circuit Judges

(Filed:  October 31, 2013)
_____

OPINION
_____

COWEN, Circuit Judge.

        Gerardo Ortiz ("Ortiz") appeals the judgment of sentence imposed by the District

Court.  He argues that the sentence should be vacated because the District Court failed to

give proper weight to some of the sentencing factors enumerated in 18 U.S.C. § 3553(a). We will affirm.[1]

## I.

The grand jury returned a four-count Indictment, charging Ortiz with conspiring to manufacture, distribute, and possess with intent to manufacture and distribute five kilograms or more of cocaine hydrochloride in violation of 21 U.S.C. § 846 and manufacturing, distributing, and possessing with intent to manufacture and distribute five kilograms or more of cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Ortiz entered into a plea agreement with the government and agreed to plead guilty to a violation of 21 U.S.C. § 846.

Prior to sentencing, the United States Probation Office prepared a Pre-Sentence Report ("PSR"). The PSR assigned Ortiz a Total Offense Level of 17 and a Criminal History of I, resulting in a guidelines range of 24-30 months' imprisonment. Both Ortiz and the Government objected to the PSR, agreeing that Ortiz should be given an additional two-level reduction by virtue of his minor role in the drug organization. Ortiz also objected to the determination in the PSR that there were no additional grounds for departure, arguing that a departure was warranted based on several grounds, including his mental condition, his physical condition, his military service, and the loss of medical disability benefits during his time incarcerated.

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

At the sentencing hearing, the District Judge sustained the joint objection relating to Ortiz's minor role in the drug organization and granted Ortiz a two-level reduction in his Total Offense Level. The District Judge also appears to have granted a Government motion for a two-level reduction under U.S.S.G. § 5K1.1. Thus, Ortiz's Total Offense Level was 13, and his guidelines range was 12-18 months' imprisonment.

The District Court sentenced Ortiz to one year and one day of imprisonment, noting that the sentence accounted for Ortiz's "military service, his lack of any prior serious offense, and the fact that he had helped the Government to a significant degree." (J.A. 22.)

## II.

Ortiz argues that the District Court failed to meaningfully consider the factors present in 18 U.S.C. § 3553(a) ("Section 3553(a)").[2] Section 3553(a) requires district courts to consider a variety of factors when determining a sentence.

Appellate review of criminal sentences is limited: we must "ensure that a substantively reasonable sentence has been imposed in a procedurally fair way." *United States v. Levinson*, 543 F.3d 190, 195 (3d Cir. 2008). We review a district court's sentencing determinations for reasonableness. *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007) (en banc). "An estimation of the outer bounds of what is 'reasonable'

---

[2] Ortiz separately argues that the District Court committed procedural error by failing to provide an adequate explanation for the sentence imposed. This argument tracks his argument that the District Court failed to comply with Section 3553(a). We consider both arguments jointly.

under a given set of circumstances may not always be beyond debate, but the abuse-of-discretion standard by which that estimation must be judged limits the debate and gives district courts broad latitude in sentencing." *Levinson*, 543 F.3d at 195.

We conclude that the District Court did not abuse its discretion, as the record, read as a whole, shows that the District Court considered the factors enumerated in Section 3553(a). *See Grier*, 475 F.3d at 571 ("The touchstone of 'reasonableness' is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a).") Ortiz argues that the District Court failed to properly consider "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). But the District Court considered these factors, concluding that Ortiz's prior military service and his lack of prior offenses justified a sentence at the bottom of the sentencing guidelines. Ortiz also claims that the District Court disregarded other characteristics, such as his age, health, mental conditions, mental disability, and family conditions. But his counsel did not discuss these factors at the sentencing hearing, and made, at best, fleeting reference to them in his objections to the PSR. As such, the Court was not obliged to discuss them during sentencing. *See Gall v. United States*, 552 U.S. 38, 53-54 (2007) (While "true that the District Judge did not make specific reference to" certain Section 3553(a) factors at sentencing, "it was not incumbent on the District Judge to raise every conceivably

4

relevant issue on his own initiative").[3]  Given the circumstances, it was not error for the District Court to focus primarily on Ortiz's military history and his lack of prior serious offenses.

Finally, Ortiz argues that the District Court failed to consider his minor role in the offense.  This argument lacks merit.  As noted above, the District Court recognized Ortiz's minor role in the drug organization and, in fact, granted Ortiz a two-level reduction in his Total Offense Level on this ground.[4]

III.

For the foregoing reasons, we will affirm the judgment of sentence of the District Court.

---

[3] And, as the Government argues, the District Court did not err by not discussing Ortiz's age, medical condition, and mental health because Ortiz: (a) is not advanced in age; (b) has a medical condition that is under control; and (c) does not believe that he needs mental health counseling.

[4] Ortiz also claims that the District Court did not consider potential sentencing disparities.  *See* 18 U.S.C. § 3553(a)(6).  However, because Ortiz did not raise this argument below, the District Court was not obligated to address it.  *See Gall*, 552 U.S. at 53-54.  Further, as noted by the Government, Ortiz has failed to explain to this Court how his sentence represents a sentencing disparity among similarly situated defendants.